IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL DUNKEL; MARLIN ADDISON; ) | |
| LATRICE ALLEN; MICHAEL ANDIORIO; ) | Civil Action No. |
| THOMAS EZEQUIEL; BRYAN FRANKLIN; ) | |
| KEITH KOZLESKY; PAUL RAMSEY; ) | |
| and, TERRY RAMSEY, ) | |
|     on behalf of themselves and ) | |
|     all others similarly situated, ) | **INDIVIDUAL AND CLASS** |
| ) | **ACTION COMPLAINT** |
|         Plaintiffs, ) | |
| ) | |
|         v. ) | **Electronically Filed** |
| ) | |
| SUPERIOR ENERGY SERVICES, INC.; ) | |
| WARRIOR ENERGY SERVICES, INC.; ) | |
| and, IPS, INC., ) | |
| ) | **Jury Trial Demanded** |
|         Defendants. ) | |

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Minimum Wage Act, as amended (PMWA)(43 P.S. §333.101 et seq.), to recover damages for non-payment of overtime wages for Plaintiffs and all others similarly situated.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a). This action is authorized and instituted pursuant to the FLSA and the PMWA.

3. The actions, and policies, alleged to be unlawful have been substantially committed in and around Western PA where Plaintiffs worked and where Defendants have maintained a

regular and continual business presence. Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. Plaintiff Paul Dunkel (hereinafter referred to as "Plaintiff Dunkel" or "Dunkel"), has resided at all relevant times at 458 Foxburg Road, Parker, PA 16049. Plaintiff Dunkel was employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS in a variety of jobs including Pump Operator, Coil Operator, Shop Helper and Shop Mechanic in Western PA from on or about November 19, 2011, until on or about February 26, 2013.

5. Plaintiff Marlin Addison (hereinafter referred to as "Plaintiff Addison" or "Addison"), has resided at all relevant times at 573 Center Avenue, N. Charleroi, PA 15022. Plaintiff Addison has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS as a Ground Hand and Pump Operator in Western PA since in or about March 2011.

6. Plaintiff Latrice Allen (hereinafter referred to as "Plaintiff Allen" or "Allen"), has resided at all relevant times at 500 E. Bruceton Road, Apt. 618, Pittsburgh, PA 15236. Plaintiff Allen has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS as a Coil Operator for Warrior in Western PA since no later than May 2010.

7. Plaintiff Michael Andiorio (hereinafter referred to as "Plaintiff Andiorio" or "Andiorio"), has resided at all relevant times at 2270 Troist Drive, North Huntingdon, PA 15642. Plaintiff

Andiorio has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS as a Coil Operator for IPS in Western PA since in or about February 2010.

8.  Plaintiff Thomas Ezequiel (hereinafter referred to as "Plaintiff Ezequiel" or "Ezequiel"), has resided at all relevant times at 1645 Carol Sue Avenue, Gretna, LA 70056. Plaintiff Ezequiel has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS as a Crane Operator and Pump Operator, much of that time since May 2010 in Western PA, since in or about May 2000.

9.  Plaintiff Bryan Franklin (hereinafter referred to as "Plaintiff Franklin" or "Franklin"), has resided at all relevant times at 202 Pinewood Square, Pittsburgh, PA 15235. Plaintiff Franklin has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS in Western PA as a Crane Operator, Pump Operator and, most recently, a supervisor, since in or about June 2009.

10. Plaintiff Keith Kozlesky (hereinafter referred to as "Plaintiff Kozlesky" or "Kozlesky"), has resided at all relevant times at 342 Edward Street, Latrobe, PA 15650. Plaintiff Kozlesky has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS in Western PA from in or about September 2011 through in or about November 2012 as a Ground Hand at Warrior, and, since November 2012, as a Ground Hand for IPS.

11. Plaintiff Paul Ramsey (hereinafter referred to as "Plaintiff Paul Ramsey" or "Paul Ramsey"), has resided at all relevant times at 309 Rebecca Street, Monessen, PA 15002. Plaintiff Paul Ramsey has been employed by Defendants Superior Energy Services, Inc., Warrior Energy

Services Corporation and IPS in the garage and as a truck driver in Western PA from in or about October 2010 until on or about February 22, 2012.

12. Plaintiff Terry Ramsey (hereinafter referred to as "Plaintiff Terry Ramsey" or "Terry Ramsey"), has resided at all relevant times at 926 Henry Street, Belle Vernon, PA 15012. Plaintiff Terry Ramsey has been employed by Defendants Superior Energy Services, Inc., Warrior Energy Services Corporation and IPS in Western PA in a variety of positions (including Coil and Pump Operator) since on or about October 11, 2011.

13. Defendant Superior Energy Services (hereinafter referred to as "Defendant Superior" or "Superior"), is an energy company maintaining its headquarters at 11000 Equity Drive, Suite 300, Houston, TX 77041.

14. Defendant Warrior Energy Services Corporation (hereinafter referred to as "Defendant Warrior" or "Warrior"), is a wholly owned subsidiary of Superior Energy Services maintaining its headquarters at 100 Rosecrest Lane, Columbus, MS 39701.

15. Defendant IPS (hereinafter referred to as "Defendant IPS" or "IPS"), is a wholly owned subsidiary of Superior Energy Services maintaining its headquarters at 16800 Greenspoint Park Drive, Suite 200 S, Houston, TX 77060.

16. Defendants are enterprises engaged in interstate commerce with revenues in excess of $500,000 and are subject to the provisions of the FLSA and the PMWA throughout the relevant time period of this litigation.

17. At all relevant times, Defendants have been subject to the duty to pay overtime under the

**Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Minimum Wage Act (PMWA)(43 P.S. §333.101 et seq.).**

18. **Plaintiffs are employees within the meaning of the FLSA and the PMWA.**

19. **Defendants are employers within the meaning of the FLSA and the PMWA.**

### BACKGROUND AND STATEMENT OF CLAIMS

20. **Plaintiffs have all worked for Defendants as Pump Operators, Coil Operators, Shop Helpers, Shop Mechanics and Ground Hands, or a combination thereof, in Pennsylvania, mainly Western Pennsylvania, at some time since May 2010.**

21. **The Plaintiffs have been paid monthly salaries, some with additional bonuses (per job), until in or about November 2012 when they were switched to hourly rates plus overtime at time-and-one-half (1 ½) the regular rate of pay.**

22. **All the named Plaintiffs have been assigned to work locations in Western PA or elsewhere in PA either for all of their time or the majority of their time.**

23. **None of the Plaintiffs has been paid overtime at any rate (be it one-half the regular rate of pay or time-and-one-half the regular rate of pay) before November 2012.**

24. **All of the Plaintiffs have regularly worked far in excess of 40 hours per workweek.**

25. **Most of the Plaintiffs have regularly worked in excess of 60 hours per workweek.**

26. Defendants have failed to keep accurate records of the daily and weekly hours worked by Plaintiffs as required by the FLSA and the PMWA.

27. Defendants have willfully and deliberately maintained inaccurate records of the daily and weekly hours worked by Plaintiffs by instructing Plaintiffs to record forty (40) hours as their weekly hours worked while being fully aware the Plaintiffs were working many hours in excess of forty (40) in many workweeks.

28. Defendants have told Plaintiffs they were exempt from overtime pay.

29. This was knowingly false.

30. All of the Plaintiffs are and have been non-exempt under both the FLSA and the PMWA.

31. Defendants have asserted both to the Plaintiffs and the other similarly situated workers in Pennsylvania (over 1,000 other similarly situated workers in Pennsylvania who have been paid no overtime for work performed since May 2010) that Plaintiffs and the other similarly situated workers in Pennsylvania are exempt because of the Motor Carrier Exemption. 29 U.S.C. §213(b)(1).

32. Defendants have also told the Department of Labor in the course of investigations that Plaintiffs, and the other similarly situated workers in Pennsylvania, are exempt under the Motor Carrier Exemption.

33. This is knowingly false.

34. **The Motor Carrier Exemption of the FLSA and the PMWA applies only to workers who drive motor vehicles subject to the jurisdiction of the United States Department of Transportation to set hours of service and qualifications of such vehicles.**

35. **The United States Department of Transportation has no jurisdiction to set hours of service and qualifications over vehicles regularly driven by Plaintiffs in the course of their duties.**

36. **Plaintiffs are non-exempt and entitled to overtime compensation in any workweek in which they drive a motor vehicle not subject to the jurisdiction of the United States Department of Transportation to set hours of service and qualifications.**

37. **Plaintiffs and the other similarly situated workers in Pennsylvania who do not drive any motor vehicle in interstate commerce during the course of their duties, regardless of whether the vehicles are subject to the jurisdiction fo the United States Department of Transportation to set hours of service and qualifications, are likewise non-exempt.**

38. **Defendants have recently (November 2012) begun paying Plaintiffs, and the other similarly situated workers in Pennsylvania, time-and-one-half the regular rate of pay for hours worked in excess of 40 hours in a workweek.**

## COLLECTIVE/CLASS ACTION ALLEGATIONS

39. **Defendants have employed in excess of 1,000 non-exempt Pump Operators, Coil Operators, Shop Helpers, Shop Mechanics and Ground Hands in Pennsylvania who are subject to the same policies (non-payment of overtime, failure to maintain accurate time records) at all times relevant to this matter (since May 2010).**

40. The similarly situated employees of Defendants on whose behalf this lawsuit is brought include all non-exempt Pump Operators, Coil Operators, Shop Helpers, Shop Mechanics and Ground Hands who have worked hours in excess of forty (40) hours in workweeks since May 2010 in Pennsylvania, who have been subjected to the same policies regarding non-payment of overtime and failure to maintain accurate time records, and who have not been paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

41. Defendants have violated §207(a) of the FLSA and §333.101 et seq. of the PMWA by failing to pay Plaintiffs, and all other similarly situated workers in Pennsylvania, who have performed work in excess of forty (40) hours in workweeks since May 2010 at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

42. Prosecuting this case as a collective class action under the FLSA and a class action under the PMWA for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

43. There are no conflicts of interest among the class members.

44. Counsel for the Representative Plaintiffs, Joseph Chivers and John R. Linkosky, are experienced in the field of employment law (including FLSA and PMWA wage claims), and collective/class actions, and will fairly and competently represent the interests of the class members.

**COUNT I:  FAIR LABOR STANDARDS ACT (FLSA)**
**FAILURE TO PAY OVERTIME (INDIVIDUAL AND COLLECTIVE/CLASS ACTION)**

45. Plaintiffs hereby incorporate by reference Paragraphs 1 through 44 of their Complaint as though the same were more fully set forth herein.

46. Plaintiffs, and all other similarly situated workers in Pennsylvania, are employees of Defendants within the meaning of the FLSA.

47. Defendants are employers within the meaning of the FLSA.

48. Plaintiffs, and all other similarly situated workers in Pennsylvania, are non-exempt within the meaning of the FLSA.

49. Plaintiffs, and all other similarly situated workers in Pennsylvania, have worked in excess of 40 hours in workweeks since May 2010.

50. Defendants have failed to keep accurate records of the daily and weekly hours worked by Plaintiffs, and all other similarly situated workers in Pennsylvania, as required by the FLSA.

51. Defendants have willfully and deliberately maintained inaccurate records of the daily and weekly hours worked by Plaintiffs, and all other similarly situated workers in Pennsylvania, by instructing Plaintiffs, and all other similarly situated workers in Pennsylvania, to record forty (40) hours as their weekly hours worked while being fully aware the Plaintiffs, and all other similarly situated workers in Pennsylvania, were working many hours in excess of forty (40) in many workweeks.

52. Plaintiffs, and all other similarly situated workers in Pennsylvania, have been subject to the same policies since May 2010.

53. The policies result in denial of overtime pay at time-and-one-half (1½) the regular rate of pay in weeks where Plaintiffs and the class members have worked more than forty (40) hours.

54. Plaintiffs, and all other similarly situated workers in Pennsylvania, are entitled to be paid overtime compensation at time-and-one-half (1½) their regular rate of pay pursuant to the FLSA for hours worked in excess of forty (40) hours in workweeks since May 2010.

55. Defendants have violated the FLSA by not paying Plaintiffs, and all other similarly situated workers in Pennsylvania, overtime compensation at time-and-one-half their regular rate of pay in workweeks in which the employees have worked more than 40 hours since May 2010.

56. Defendants' failure to pay overtime at time-and-one-half (1½) the regular rate of pay is knowing and willful.

57. Defendants' failure to pay overtime at time-and-one-half (1½) the regular rate of pay is a violation of the FLSA.

58. Defendants have knowingly and intentionally violated the FLSA since May 2010 (three-year statute of limitations for intentional violations).

**COUNT II:  PA MINIMUM WAGE ACT (PMWA):**
**FAILURE TO PAY OVERTIME (INDIVIDUAL AND COLLECTIVE/CLASS ACTION)**

59. Plaintiffs hereby incorporate by reference Paragraphs 1 through 58 of their Complaint as though the same were more fully set forth herein.

60. Plaintiffs, and all other similarly situated workers in Pennsylvania, are employees of Defendants within the meaning of the PMWA.

61. Defendants are employers within the meaning of the PMWA.

62. Plaintiffs, and all other similarly situated workers in Pennsylvania, are non-exempt within the meaning of the PMWA.

63. Plaintiffs, and all other similarly situated workers in Pennsylvania, have worked in excess of 40 hours in workweeks since May 2010.

64. Defendants have failed to keep accurate records of the daily and weekly hours worked by Plaintiffs, and all other similarly situated workers in Pennsylvania, as required by the PMWA.

65. Defendants have willfully and deliberately maintained inaccurate records of the daily and weekly hours worked by Plaintiffs, and all other similarly situated workers in Pennsylvania, by instructing Plaintiffs, and all other similarly situated workers in Pennsylvania, to record forty (40) hours as their weekly hours worked while being fully aware the Plaintiffs, and all other similarly situated workers in Pennsylvania, were working many hours in excess of forty (40) in many workweeks.

66. Plaintiffs, and all other similarly situated workers in Pennsylvania, have been subject to the same policies since no later than May 2010.

67. The policies result in denial of overtime pay at time-and-one-half (1½) the regular rate of pay in weeks where Plaintiffs and the class members have worked more than forty (40) hours.

68. Plaintiffs, and all other similarly situated workers in Pennsylvania, are entitled to be paid overtime compensation at time-and-one-half (1½) their regular rate of pay pursuant to the PMWA for hours worked in excess of forty (40) hours in workweeks since May 2010.

69. Defendants have violated the PMWA by not paying Plaintiffs, and all other similarly situated workers in Pennsylvania, overtime compensation at time-and-one-half their regular rate of pay in workweeks in which the employees have worked more than 40 hours since May 2010.

70. Defendants' failure to pay overtime at time-and-one-half (1½) the regular rate of pay is knowing and willful.

71. Defendants' failure to pay overtime at time-and-one-half (1½) the regular rate of pay is a violation of the PMWA.

72. Defendants have violated the PMWA since May 2010 (three-year statute of limitations).

**PRAYER FOR RELIEF**

73. Wherefore, Plaintiffs, and all other similarly situated workers in Pennsylvania, who have worked hours in excess of forty (40) hours in workweeks since May 2010 without being paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked, respectfully request that this Court enter judgment in their favor in an amount equal to the overtime compensation due together with penalties, liquidated damages (FLSA), reasonable attorney's fees and costs.

                    Respectfully submitted,

| | |
|---|---|
| s/Joseph H. Chivers | s/John R. Linkosky |
| Joseph H. Chivers, Esquire | John R. Linkosky, Esquire |
| PA ID No. 39184 | PA ID No. 66011 |
| Suite 1010 | John Linkosky & Associates |
| 100 First Avenue | 715 Washington Avenue |
| Pittsburgh, PA  15222 | Carnegie, PA  15106-4107 |
| jchivers@employmentrightsgroup.com | linklaw@comcast.net |
| (412) 227-0763 | (412) 278-1280 |
| (412) 281-8481 FAX | (412) 278-1282 FAX |
| Counsel for Plaintiff and Class | Counsel for Plaintiff and Class |

**DATED: May 17, 2013**